UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LISA BEQUETTE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1859 CDP |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Lisa Bequette brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Because the Commissioner's final decision is supported by substantial evidence on the record as a whole, I will affirm the decision of the Commissioner.

## Procedural History

Plaintiff alleged she became disabled beginning March 14, 2013, because of thyroid disease, gout, neuropathy, hypertension, diabetes, anemia, fatigue, acid reflux, arthritis, COPD, and Raynaud's disease. Her insured status under Title II of the Act expired on December 31, 2013. Thus, the relevant period of consideration in this case is from March 14, 2013, through December 31, 2013.

Plaintiff's application was initially denied on January 10, 2014. After a hearing before an ALJ on October 7, 2015, the ALJ issued a decision denying benefits on October 22, 2015. On September 21, 2016, the Appeals Council denied plaintiff's request for review. The ALJ's decision is thus the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, plaintiff contends that the ALJ erred in his consideration of her residual functional capacity (RFC) and failed to properly develop the record. Plaintiff asks that I reverse the Commissioner's final decision and remand the matter for further evaluation. For the reasons that follow, I will affirm the Commissioner's decision.

**Medical Records and Other Evidence Before the ALJ**

With respect to the medical records and other evidence of record, I adopt plaintiff's recitation of facts set forth in her Statement of Material Facts (ECF #23) as they are admitted by the Commissioner (ECF #28-1). I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts (ECF #28-2), as they are unrefuted by plaintiff. Together, these statements provide a fair and accurate description of the relevant record before the Court.

Additional specific facts will be discussed as needed to address the parties' arguments.

## Discussion

A. <u>Legal Standard</u>

To be eligible for disability insurance benefits under the Social Security Act, plaintiff must prove that she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that

which significantly limits her ability to do basic work activities. If the claimant's impairment(s) is not severe, then she is not disabled. The Commissioner then determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. If claimant's impairment(s) is equivalent to one of the listed impairments, she is conclusively disabled. At the fourth step, the Commissioner establishes whether the claimant can perform her past relevant work. If so, the claimant is not disabled. Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590

F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *See e.g., Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider the factors set out by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which include:

> claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

*Id.* at 1322. When an ALJ explicitly finds that the claimant's testimony is not credible and gives good reasons for the findings, the court will usually defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). However, the

5

ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

B.  ALJ's Decision

In his written decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 14, 2013. The ALJ found plaintiff's diabetes mellitus with peripheral neuropathy, chronic pulmonary disease, asthma, and obesity to be severe impairments, but determined that they did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19.) The ALJ found plaintiff to have the RFC to perform light work with the following limitations:

> She can lift twenty pounds occasionally and ten pounds frequently. She can sit, stand or walk for a total of six hours during each eight-hour workday. She should never be required to climb a ladder, rope or scaffold. She should never be required to work near hazards, such as unprotected heights and dangerous machinery. She can only occasionally climb a ramp or stairs. She can only occasionally stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme heat, extreme cold, humidity, noxious fumes, odors, dusts, and gases. In addition, the claimant should not be required to ambulate on unimproved terrain, such as open fields or construction sites.

(Tr. 19.) The ALJ found plaintiff had no past relevant work. (Tr. 22.)

Considering plaintiff's RFC and her age, education, and work experience, the ALJ relied upon vocational expert testimony to support a conclusion that

plaintiff could perform other work as it exists in significant numbers in the national economy, and specifically as a fast food worker and office clerk. The ALJ therefore found plaintiff not to be disabled from her onset date through December 31, 2013, her date last insured. (Tr. 23-24.)

Plaintiff claims that this decision is not supported by substantial evidence because the ALJ improperly formulated her RFC and failed to develop the record.

C.  RFC Assessment

Plaintiff argues that the ALJ erred when formulating her RFC because there was no supporting assessment of her work-related limitations from a medical source in the record. According to plaintiff, her foot pain would make it impossible to perform light work. RFC is defined as "what [the claimant] can still do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). The ALJ must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). The record must include some medical evidence that supports the RFC. *Dykes v. Apfel*, 223

F.3d 865, 867 (8th Cir. 2000). "Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) (internal citation omitted). Plaintiff claims that the ALJ substantially erred when he determined that she could perform light work without a specific opinion from a treating or consulting physician regarding her work-related limitations.

Here, the ALJ properly formulated plaintiff's RFC only after evaluating her credibility and discussing the relevant evidence, including her testimony, the medical evidence, and her daily activities. After consideration of all this evidence, the ALJ concluded that plaintiff retained the capacity to perform light work, with modifications tailored to her credible limitations. In so doing, he did not substantially err. In addition to the ALJ's assessment of plaintiff's credibility, the ALJ also factored into his RFC assessment the objective medical findings of record, including the diagnostic imaging results and physical examination findings, which do not support plaintiff's claimed limitations. Contrary to plaintiff's argument, "there is no requirement than an RFC finding be supported by a specific medical opinion." *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013). Moreover, plaintiff submitted no such opinion regarding her limitations. "The burden of persuasion to prove disability and to demonstrate RFC remains on the

8

claimant, even when the burden of production shifts to the Commissioner at step five." *Goff*, 421 F.3d at 790. Where, as here, the RFC is supported by substantial evidence on the record as a whole, the ALJ was not required to obtain a consultative examination or a doctor's opinion to determine plaintiff's work-related limitations. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (ALJ not required to seek additional information from treating physicians or order consultative examination where medical record is adequately developed); *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (ALJ required to supplement record only if the existing medical record does not provide sufficient evidence to determine whether the claimant is disabled); *Thornhill v. Colvin*, 4:12CV1150 CEJ, 2013 WL 3835830, at *11-12 (E.D. Mo. July 24, 2013) (numerous unremarkable physical examinations with normal gait and no evidence of abnormalities in joints or spine or range of motion limitation or muscle tenderness supported ALJ's determination that claimant could perform a range of medium work despite lack of specific opinion from doctor indicting claimant's work-related limitations).

As the ALJ noted, plaintiff's physical examinations and test results during the relevant time period[1] (March-December of 2013) were normal. Plaintiff saw

---

[1] The Court must consider plaintiff's medical condition as of her date last insured. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). In reaching his decision, the ALJ reviewed medical evidence before plaintiff's onset date as well as the medical evidence during the relevant time

Hamid Bahir, M.D., on January 9, 2013 for reassessment of gout. Dr. Bashir observed that plaintiff was pleasant and in no acute distress, with clear lungs with no wheezes, normal gait, normal strength in her extremities, no edema or cyanosis, and normal ranges of motion in all joints. Dr. Bashir refilled plaintiff's medications and advised her to follow-up in one year. (Tr. 251.)

On May 9, 2013, plaintiff had pulmonary function testing at the request of Katie O'Rourke, ANP. Test results should moderate obstructive airways disease with a component of reversible airways obstruction and minimal diffusion defect – pulmonary vascular. Plaintiff's response to bronchodilators indicated a reversible component. (Tr. 278.)

Plaintiff saw Nawras Makhsida, M.D., on May 10, 2013, complaining of fatigue. Examination was within normal limits. Assessment was hypothyroidism, simple goiter, thyroid nodule, type II diabetes, and obesity. Plaintiff was counselled on diet and exercise and scheduled for blood work. (Tr. 248-50.)

On July 1, 2013, plaintiff told Ms. O'Rourke that she had fallen and had pain and tingling in her left arm. (Tr. 276.) An x-ray of the left shoulder taken on July 22, 2013, showed only mild degenerative changes. (Tr. 272.) Plaintiff was referred to physical therapy with Stacy Lynch, Physical Therapist. (Tr. 269.) By

---

period. He also noted that the medical evidence dated 2014 and later either supported his disability determination or was irrelevant as it related to conditions arising after plaintiff's last insured date.

September 6, 2013, plaintiff reported no pain in her left shoulder with a normal range of motion. (Tr. 269-70.) Plaintiff denied any functional restrictions or limitations on daily activities from shoulder pain. (Tr. 289.) Plaintiff told Ms. Lynch "that she was leaving for a long vacation next week" and preferred to continue independently with a home exercise program. (Tr. 270.)

Plaintiff underwent an abdominal ultrasound on July 23, 2013, which showed that her kidneys were normal in size echogenicity, with no hydronephrosis, renal masses, shadowing calculus, or cysts. Impression was a fatty, enlarged liver, minimal splenomegaly, and no focal hepatic lesion, biliary dilatation, hydronephrosis, or renal masses. (Tr. 273.)

Plaintiff was seen by Amy Jones, FNP, on October 2, 2013, for medication management. Examination was within normal limits. (Tr. 268.)

On January 10, 2014, plaintiff saw Dr. Makhsida complaining of fatigue. She had gained six pounds since her last visit. She reported that she did not exercise, followed no specific diet, and rarely checked her glucose numbers. Upon examination, plaintiff was alert and oriented, comfortable, and in no acute distress. Her cardiovascular and respiratory sounds were normal, her gait and motor strength were normal, she had no lesions or rashes, no edema or cyanosis in her extremities, and a normal range of motion. Assessment was hypothyroidism, simple goiter, thyroid nodule, diabetes type II, not uncontrolled, and obesity.

Plaintiff was counselled about the correct intake of thyroid medication and told to lose weight. (Tr. 457-59.)

On January 14, 2014, plaintiff saw Dr. Bashir for a reassessment of gout. Plaintiff reported doing well with no major gout flares for the past year. She denied any swelling but still reported being achy and stiff in the morning. Examination was normal. (Tr. 453-54.)

Plaintiff's numerous normal physical examinations, despite her complaints of disabling limitations, were properly considered by the ALJ as one factor when formulating her RFC. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (lack of corroborating medical evidence is one factor to consider when evaluating subjective complaints of pain). The ALJ also properly considered that plaintiff's symptoms responded to treatment, such as her significant positive response to bronchodilators in May of 2013, indicating adequate control of her breathing issues. Moreover, plaintiff reported no pain and normal range of motion in her shoulder after physical therapy. Finally, plaintiff had no gout flares during the relevant time period. Impairments which can be controlled by medication or treatment are not considered disabling. *See Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009). As for her complaints of foot pain, plaintiff sought treatment from Ronald J. Loucks, D.P.M, for foot pain and diabetic neuropathy prior to her onset date but sought no treatment from him during the relevant time period. (Tr. 516.)

The ALJ may properly consider the fact that plaintiff did not seek or require aggressive treatment for her impairments. *See Clevenger v. Social Security Administration*, 567 F.3d 971, 976 (8th Cir. 2009).

The ALJ also noted that the medical evidence after plaintiff's last insured date did not support her claim of disabling limitations, either. Plaintiff reported in January of 2014 that she had no major gout flares in more than a year, and in April of 2014 Dr. Loucks reported that plaintiff had not sought treatment for her foot pain in a year. While plaintiff eventually sought treatment for her foot pain in April of 2015, that treatment was well after her date last insured. Moreover, plaintiff only described her foot pain at that time as 2/10 in intensity. (Tr. 478.) Medical evidence from June of 2015 indicating that plaintiff should consider surgical repair of her Achilles tendonitis was properly disregarded by the ALJ as the condition developed well after her eligibility for benefits had expired. (Tr. 531.)

When assessing a claimant's RFC, "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). Instead, the ALJ must determine a claimant's RFC based on his review of the record as a whole. Here, the ALJ evaluated all of the medical evidence of record and adequately explained his reasons for the weight given this evidence.

13

Moreover, the ALJ did not simply adopt a light work RFC wholesale. To account for plaintiff's credible limitations, including her foot pain, he found that plaintiff should never be required to climb a ladder, rope, or scaffold or work near hazards. The ALJ further limited plaintiff to only occasionally stooping, kneeling, crouching, and crawling, and he ruled out ambulation on unimproved terrain. Finally, he determined that plaintiff should not be exposed to extreme temperatures, noxious fumes, odors, dusts, and gases. For the reasons set out above, substantial evidence on the record as whole supports the ALJ's evaluation of the medical evidence when formulating plaintiff's RFC.

The ALJ also properly considered plaintiff's daily activities and assessed plaintiff's RFC consistent with her credible limitations. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall,* 274 F.3d at 1218. I must defer to the ALJ's credibility determinations "so long as such determinations are supported by good reasons and substantial evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). When determining the credibility of a claimant's subjective complaints, the ALJ must consider all evidence relating to the complaints, including the claimant's prior work record and third party observations as to the claimant's daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and

any functional restrictions. *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010); *Polaski,* 739 F.2d at 1322. While an ALJ need not explicitly discuss each *Polaski* factor in his decision, he nevertheless must acknowledge and consider these factors before discounting a claimant's subjective complaints. *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010). "[T]he duty of the court is to ascertain whether the ALJ considered all of the evidence relevant to the plaintiff's complaints . . . under the Polaski standards and whether the evidence so contradicts the plaintiff's subjective complaints that the ALJ could discount his or her testimony as not credible." *Masterson v. Barnhart*, 363 F.3d 731, 738–39 (8th Cir. 2004). It is not enough that the record merely contain inconsistencies. Instead, the ALJ must specifically demonstrate in his decision that he considered all of the evidence. *Id.* at 738; *see also Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991). Where an ALJ explicitly considers the *Polaski* factors but then discredits a claimant's complaints for good reason, the decision should be upheld. *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001).

Here, the ALJ properly evaluated plaintiff's credibility based upon her own testimony, the objective medical evidence of record, her daily activities, and the conservative nature of her treatment. The ALJ summarized plaintiff's testimony regarding her daily activities and subjective allegations of pain. The ALJ was not required to fully credit all of plaintiff's assertions regarding her limitations given

15

her activities, which included taking care of her dog, throwing a ball for the dog, cooking, dusting, making the bed, wiping down the kitchen counters, going to church, grocery shopping, driving, and playing cards with friends. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996). "Acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009). The ALJ also discounted plaintiff's credibility after noting that she went on a long vacation during the relevant time period, concluding that her ability to travel was inconsistent with her claimed inability to work. "Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility." *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 20010).

Even if the ALJ could have drawn a different conclusion about plaintiff's credibility after reviewing her daily activities, I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary determination. *McNamara*, 590 F.3d at 610. Here, the ALJ discounted plaintiff's subjective complaints only after evaluating the entirety of the record. In so doing, he did not substantially err, as subjective complaints may be discounted if inconsistencies exist in the evidence as a whole. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994). Where, as here, an ALJ seriously considers but for good

16

reasons explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Substantial evidence in the record as a whole supports the ALJ's RFC determination, so I will affirm the decision of the Commissioner as within a "reasonable zone of choice." *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017) (citing *Owen v. Astrue*, 551 F.3d 792, 798 (8th Cir. 2008)).

D. Duty to Develop the Record

Plaintiff argues that the ALJ failed to adequately develop the record because he did not request an opinion from a medical source regarding plaintiff's functional limitations. While the ALJ "has a duty to fully and fairly develop the evidentiary record," *Byers v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012), "[t]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Where other evidence in the record provides a sufficient basis for an ALJ's decision, then an ALJ "is permitted to issue a decision without obtaining additional medical evidence." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (internal quotation marks and citation omitted). Importantly, an ALJ's duty to develop the record is not never-ending. *McCoy*, 648 F.3d at 612.

For the reasons set out above, the ALJ's RFC determination was supported by substantial evidence on the record as a whole, so he did not substantially err by failing to obtain additional information from a medical source with respect to plaintiff's limitations. Moreover, any consultative examination or testing would have taken place long after her date last insured. Plaintiff never provided any opinion from a medical source that she was unable to work. "[T]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant." *Eichelberger v. Barnhart*, 390 F.3d 584, (8th Cir. 2004). Because no crucial issue with respect to plaintiff's RFC was left undeveloped, the ALJ did not substantially err by failing to request additional medical evidence regarding plaintiff's limitations when formulating her RFC or evaluating her claim. *See Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (ALJ is required to order tests and medical examinations only if medical records presented to him give insufficient medical evidence to determine if claimant is disabled); *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) (reversal for failure to develop record is warranted only when such failure is unfair or prejudicial).

## Conclusion

When reviewing an adverse decision by the Commissioner, the Court's task is to determine whether the decision is supported by substantial evidence on the record as a whole. *Davis v. Apfel,* 239 F.3d 962, 966 (8th Cir. 2001). "Substantial

evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." *Id.* Where substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court could have decided the case differently. *Id.*; *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016); *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011)

For the reasons set out above, a reasonable mind can find the evidence of record sufficient to support the ALJ's determination that plaintiff was not disabled. Because substantial evidence on the record as a whole supports the ALJ's decision, it must be affirmed. *Davis,* 239 F.3d at 966.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and Lisa Bequette's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2018.